IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE RIVERA,** | **CIVIL NO. 1:10-CV-1260** |
| Plaintiff | |
| v. | (Judge Rambo) |
| **D. A. KUHN; Hearing Examiner;** | |
| **F. R. ROYER, Deputy for Centralized Services;** | |
| **R.L. HEASTER, Acting Corrections Counselor for Centralized Services at SCI-Smithfield, Program Manager;** | |
| **T.E. McCAULEY, Unit Manager at SCI-Smithfield;** | |
| **JON D. FISHER, Superintendent at SCI-Smithfield;** | |
| **ROBERT MACINTYRE, Chief Hearing Examiner for the Department of Corrections;** | |
| **D. SULLIVAN, Correctional Officer at SCI-Smithfield;** | |
| **K. SMITH, Correctional Officer at SCI-Smithfield;** | |
| **D. BENN, Correctional Sergeant at SCI-Smithfield;** | |
| **T. SUNDERLAND, Captain of the Guard at SCI-Smithfield;** | |
| **J. EICHENLAUB, Captain of the Guard at SCI-Smithfield;** | |
| **CHIEF GRIEVANCE COORDINATOR FOR THE DEPARTMENT OF CORRECTIONS,** | |
| Defendants | |

# **M E M O R A N D U M**

## **I.     Introduction**

On June 16, 2010, Plaintiff, George Rivera, filed a complaint pursuant to 42 U.S.C. § 1983 against numerous prison officials and corrections officers at the State Correctional Institution at Smithfield ("SCI-Smithfield") and officials of the

Pennsylvania Department of Corrections. On September 7, 2010, Defendants filed a motion and supporting brief to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed a response. No reply has been filed and the matter is ripe for disposition.

## II.     Facts Alleged in the Complaint[1]

Rivera alleges that, on May 6, 2010, he asked that Benn process a homemade Mother's Day card in accordance with the DC-ADM 803. (Complaint, ¶ 24.) The card is alleged to have been made from a cardboard box that Rivera purchased from the commissary. (*Id.* at ¶ 25.) Benn asked if he could open the sealed envelope, and Rivera told him that he could if he (Benn) could then reseal it without damaging it. (*Id.*, ¶ 26.) Sullivan and Smith are alleged to have appeared and recognized Rivera from an incident following which Rivera filed a grievance against them. They allegedly took the envelope, ripped it open, and ripped the paper from the cardboard. Rivera told them they had no right to do that and he asked Benn for a grievance form. (*Id.*, ¶¶ 27-28.) Sullivan allegedly told Rivera to go to his cell. Rivera alleges that he complied but was then taken to the Restricted Housing Unit ("RHU"). (*Id.*, ¶¶ 29-30.)

Rivera was subsequently served with a misconduct by Sullivan. Smith and Benn were listed as witnesses. The misconduct charged Rivera with using abusive, obscene, or inappropriate language; refusing to obey an order; possession of contraband; and lying to an employee. (*Id.*, ¶ 31.) On the misconduct, Sullivan stated that he observed the homemade card from the bubble, the card was examined and it was discovered that there was corrugated cardboard inside. (*Id.*, ¶ 32.) Upon

---

[1]The facts set forth herein are adopted from the statement of alleged facts set forth in Defendants' brief in support of their motion to dismiss (doc. 12) at pp. 2-5.

2

inquiring of Rivera what kind of cardboard it was, Rivera stated, "the back of a notebook." Then, Sullivan pulled out a piece of corrugated cardboard and told him it was not the back of a notebook but a cut-up records box.² (*Id*.) Sullivan alleges that Rivera then started yelling at Benn and he (Sullivan) ordered Rivera to return to his cell and that Rivera kept yelling and swearing and refused to return to his cell. Sullivan further alleges that Rivera leisurely walked back to his cell and that the cell door was still not closed when Smith entered the wing. (*Id.*) Rivera alleges that Sullivan's version of what transpired was fabricated. (*Id.*, ¶ 33.)

Rivera alleges that he filed Grievance No. 317370 against Sullivan and Benn for "violating his mail and destruction of his property." (*Id.*, ¶ 34.) Rivera alleges that he appeared before Hearing Examiner Kuhn on May 10, 2010, and asked that the misconduct be dismissed with prejudice because, *inter alia*, it was improperly served and there was no valid security reason stated as to why the misconduct was listed for formal resolution on informal charges. (*Id.* ¶ 35.) Kuhn allegedly agreed with Rivera and stated that even though policy precludes him from dismissing the misconduct without prejudice, he was going to do so to allow Sullivan to rewrite the misconduct. (*Id.* ¶ 36.)

Sullivan rewrote the misconduct. (*Id.*, ¶ 37.) On May 12, 2010, Rivera went before Kuhn and asked that the misconduct be dismissed because the rewriting of the misconduct violated DC-ADM 801. Specifically, Rivera alleges that Kuhn "was not given authorization to dismiss the misconduct without prejudice to allow or permit reservice of the misconduct, that the report writter [sic] failed to serve [Rivera] with a witness request form or inmate version form, and he could not

---

²According to the Department of Corrections' DC-ADM 815, "Personal Property, State Issued Items, and Commissary/Outside Purchases Procedures Manual," Section 3, C, 1: "[A]ny item altered from its original state (state issued or personal) may be considered contraband." The Department's policies and administrative directives are available on its website at www.cor.state.pa.us.

3

request any witnesses, that he could not request an assistant to assist him while on pre-hearing confinement, that he was prejudiced by the rewritting [sic] of the misconduct because [Kuhn] could only find him guilty." (*Id.*, ¶ 38.) Rivera alleges that he pled guilty to possession of contraband, Kuhn denied Rivera's request to dismiss the misconduct, and Kuhn found Rivera guilty of refusing to obey an order and using abusive/obscene/inappropriate language. (*Id.*, ¶ 39.) Rivera was sanctioned to 120 days of disciplinary custody. He appealed the misconduct to the Program Review Committee, consisting of Heaster, Royer, and McCauley, but they denied the appeal. (*Id.*, ¶¶ 40-43.) Rivera's subsequent appeals to Fisher and then MacIntyre were likewise denied. (*Id.*, ¶¶ 44-46.)

Rivera alleges that he was denied parole because of the misconduct and the sanction of 120-days in disciplinary custody. (*Id.*, ¶ 47.) Then, Eichenlaub denied Grievance No. 317370. Rivera alleges he appealed the denial to Fisher but Fisher never responded, which denied Rivera the opportunity to seek final review. (*Id.*, ¶¶ 48-49.)

Rivera alleges that Sullivan, Smith, and Benn conspired to issue him the fabricated misconduct; that Kuhn, Royer, Heaster, McCauley, Fisher, and MacIntyre denied him procedural and substantive due process in violation of the Fourteenth Amendment, state law (37 Pa. Code § 93.10), and the DC-ADM 801; that he was issued the misconduct in retaliation for having filed a previous grievance against Sullivan and Smith and for requesting a new grievance to file against Sullivan, Smith, and Benn; that Sullivan, Smith, and Benn violated his First Amendment rights and DC-ADM 803 when they opened his outgoing mail without his permission; and that while in the RHU, he was subjected to ventilation that emitted excessively cold air in violation of the Eighth Amendment. *(Id.*, ¶¶ 19-23, 50.)

**III.     Issues Presented**

1) Were Rivera's due process rights violated at his misconduct hearing?

2) Has Rivera stated a conspiracy claim?

3) Are Defendants Royer, Heaster, McCauley, Fisher, Eichenlaub, MacIntyre, Sunderland, and Varner entitled to dismissal due to lack of personal involvement in an alleged constitutional violation?

4) Was the misconduct proceeding in retaliation for Rivera's earlier grievance filed against Sullivan and Smith?

5) Has Rivera stated a cause of action under the First Amendment based on prison personnel opening a Mother's Day card?

6) Has Rivera stated a cause of action under the Eighth Amendment for cruel and unusual punishment based on his claim of a cold and damp cell?

**IV.     Discussion**

**A.     Due Process at Misconduct Hearing**

Rivera claims that he was denied due process at his misconduct hearing because (1) he was improperly served; (2) the charges did not list the inmates and staff who may have witnessed the incident; (3) no misconduct category was identified; (4) the initial misconduct papers were improperly dismissed; (5) the amended misconduct was improper; (6) he was not given an assistant to aid in his defense; (7) the affiant to the misconduct report was not under oath; and (8) the hearing examiner heard the case on the written documents and not by the physical appearance of the affiant.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that due process rights during a misconduct proceeding for an inmate requires written notice of the violation charged at least 24 hours before the hearing; a

written statement by the factfinders as to the evidence relied upon and reasons for the disciplinary action; and the right to call witnesses in his own behalf and to present documentary evidence when institutional safety or correctional goals will not be unduly placed in hazard. *Id.* at 563-568.

With the sole exception as to the right to call witnesses, Plaintiff's due process claim is without foundation. He boldly states that he was denied witnesses. He does not state what witnesses he was denied to present and who denied him this right. Such a conclusory statement without more is not sufficient to show denial. Furthermore, it is of interest to note that Plaintiff pled guilty to the charge of possession of contraband.

In his appeal from the finding of the misconduct hearing, Plaintiff alleges as the bases of the appeal that the evidence was insufficient; the determination of guilt was based on a written report; the affiant was not under oath; and the punishment was disproportionate to the offense. Plaintiff did not raise on appeal that he was denied the right to present witnesses.

Plaintiff also claims that, as a result of the alleged improprieties of his misconduct proceeding, he was unjustly subjected to disciplinary custody and lost his opportunity for parole. A change in the level of an inmate's security within a prison is not the type of deprivation of a liberty interest that constitutes a deprivation of a constitutional right – unless the prison's actions imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Confinement in administrative or punitive segregation is not sufficient without more to establish a typical deprivation. *Id.* at 486.

False misconduct reports and procedural errors in a disciplinary proceeding do not, in and of themselves, trigger protection under the due process

6

clause, even if the inmate receives a disciplinary sanction as a result of the proceedings. *Walthour v. Tennis*, 2008 WL 4414761 (M.D. Pa.).

Plaintiff further argues that because of his improper misconduct hearing, the parole board denied his parole. (Complaint, doc. 1, at ¶ 47.) There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pennsylvania Board of Probation & Parole*, 555 Pa. 285 (Pa. 1999).

Plaintiff has not stated a claim of a violation of his due process rights.

**B.     Conspiracy Claims**

Plaintiff alleges that "the named defendants subjected him to a conspiratorially planned, false and fabricated misconduct and charges and deliberately denied him of procedural and substantive due process rights during the hearing and appeal process . . . ." (Complaint, doc. 1, ¶ 19.) In order to state a claim of conspiracy to deprive one of a constitutional right, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving any person or class of persons of equal protection of the law or equal privileges and immunities; (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 829 (1983).

For the first element, conspiracy, Plaintiff must show the existence of a combination, agreement, or understanding among all or between any of the Defendants to do an unlawful act or a lawful act by unlawful means. *Panayatides v.*

7

*Rabenold*, 35 F. Supp.2d 411, 419 (E.D. Pa. 1999), *aff'd*, 210 F.3d 358 (3d Cir. 2000). Mere conclusory allegations of deprivation of a constitutional right are insufficient. *Fletcher v. Hook*, 446 F.2d 13, 16 (3d Cir. 1971).

Plaintiff has failed to meet this requirement, and therefore fails to state a claim of conspiracy.

### C. Personal Involvement of Defendants Royer, Heaster, McCauley, Fisher, MacIntyre, Eichenlaub, Sunderland, and Varner

To state a cause of action under § 1983, Plaintiff must make a showing of personal involvement by supervisory personnel. Liability cannot be premised on a theory of respondeat superior. *Rode v. Dellurciprite*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).

Plaintiff has not stated any claim against Defendants Varner and Sunderland and, therefore, the complaint will be dismissed as to these Defendants. *Whittington v. Vaughn*, 289 F. Supp.2d 621, 628 (E.D. Pa. 2003).

The other Defendants named in this section, Royer, Heaster, McCauley, Fisher, MacIntyre, Eichenlaub, were involved in the appeal process of the grievance system. Merely ratifying departmental disciplinary actions does not impose liability. There is no evidence that these officials participated in the incidents that gave rise to Plaintiff's misconduct proceedings. *Rauso v. Vaughn*, 2000 U.S. Dist. LEXIS 9035 (E.D. Pa. June 26, 2000). Therefore, the complaint will be dismissed as to these Defendants too.

### D. Misconduct Proceeding In Retaliation For Grievance Against Sullivan and Smith

Plaintiff claims that the misconduct proceeding was in retaliation for an earlier grievance he filed against Sullivan and Smith. To prevail on a claim of

retaliation, Plaintiff must prove that (1) the conduct that led to the alleged retaliation was constitutionally protected; (2) the adverse action by prison officials was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there is a causal link between the exercise of constitutional rights and the adverse action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

The court will focus on the third element. In *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001), the court held that,

> once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.

*Id.* at 334.[3]

As Defendants point out, Plaintiff pled guilty to a charge of possession of contraband. (Doc. 12, p. 18.) Thus, the misconduct charge could and was brought even if Plaintiff had not filed a grievance. *See Henderson v. Baird*, 29 F.3d 464, 468 (8th Cir. 1994). Plaintiff has failed to state a claim against Sullivan and Smith on this issue.

### E. First Amendment Right Violation

Rivera alleges that Sullivan, Smith and Benn violated his First Amendment right when they opened his outgoing mail without his permission. DC-ADM 803, Section 1, A, 8, provides that "[i]ncoming and outgoing correspondence, other than privileged correspondence, may be opened and inspected if there is reason to believe that the security of the facility may be impaired or is being violated." The

---

[3]This court does not find as a fact that the first two elements are met, it assumes this for purposes of this discussion only.

9

Mother's Day card was not legal mail and, furthermore, it was opened with Plaintiff's permission and in his presence.

No cause of action has been stated under this claim.

### F. Eighth Amendment Claim

Plaintiff claims that while confined to disciplinary custody he was assigned to a cell where "the ventilation . . . emits intolerable cold air, that confines him to his bed, fully dressed, and under cover of his blanket, . . ." (Complaint, doc. 1, p. 6, ¶ 22.) To prove cause of action under the Eighth Amendment for cruel and unusual punishment, Plaintiff must show that (1) the deprivation was sufficiently serious, *Wilson v. Secter*, 501 U.S. 294, 302-03 (1991); and (2) that the officials acted with deliberate indifference to that deprivation. *Farmer v. Brennan*, 511 U.S. 825 (1994). The deliberate indifference requires proof that the official actually knew of a substantial risk or serious harm and failed to act.

Plaintiff has not set forth which Defendants knew of a serious risk of harm and how the cold air presented a serious risk or deprivation. Plaintiff will be given an opportunity to file an amended complaint **as to this issue only**. *See Fletcher Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir. 2007). Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1189 (M.D. Pa. 1992).

**V.      Conclusion**

For the reasons stated above, Plaintiff's claims will be dismissed in their entirety but Plaintiff will be given an opportunity to file an amended complaint as to his Eighth Amendment claim only.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  March 15, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GEORGE RIVERA,** : CIVIL NO. 1:10-CV-1260
:
**Plaintiff** : (Judge Rambo)
:
v. :
:
**D. A. KUHN; Hearing Examiner;** :
**F. R. ROYER, Deputy for Centralized** :
**Services;** :
**R.L. HEASTER, Acting Corrections** :
**Counselor for Centralized Services** :
**at SCI-Smithfield, Program Manager;** :
**T.E. McCAULEY, Unit Manager** :
**at SCI-Smithfield;** :
**JON D. FISHER, Superintendent at** :
**SCI-Smithfield;** :
**ROBERT MACINTYRE, Chief** :
**Hearing Examiner for the Department** :
**of Corrections;** :
**D. SULLIVAN, Correctional Officer** :
**at SCI-Smithfield;** :
**K. SMITH, Correctional Officer at** :
**SCI-Smithfield;** :
**D. BENN, Correctional Sergeant at** :
**SCI-Smithfield;** :
**T. SUNDERLAND, Captain of the** :
**Guard at SCI-Smithfield;** :
**CHIEF GRIEVANCE** :
**COORDINATOR FOR THE** :
**DEPARTMENT OF CORRECTIONS,** :
:
**Defendants** :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion to dismiss (doc. 11) is granted as to all claims without prejudice to Plaintiff to file an amended complaint as to his Eighth Amendment claim only.

2) Plaintiff's amended complaint shall be filed in accordance with the instructions set forth in the accompanying memorandum no later than April 1, 2011.

3) Failure to timely comply with this order will result in the dismissal of this action with prejudice.

                                                  s/Sylvia H. Rambo
                                               United States District Judge

Dated: March 15, 2011.